FILED

2009 Mar-03  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA



THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| GARY ALLEN on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SOUTHERN PRIDE CATFISH, LLC, AMERICAN SEAFOODS GROUP, LLC, ACTION LABOR CONTRACTORS, INC., RANDY RHODES and BENNY BISHOP. | ) ) ) ) ) ) | 7:08-cv-1125-LSC |
| Defendants. | ) | |

MEMORANDUM OF OPINION

I.     Introduction.

The matter before the Court is Defendant American Seafoods Group,

LLC's, and Southern Pride Catfish, LLC's, Second Motion to Dismiss. (Doc.

31.); Defendant Benny Bishop's Motion to Dismiss FLSA Claims (Doc. 45.);

and Defendant Randy Rhode's Motion to Dismiss FLSA Claims (Doc. 51.)[1]

_____

[1]While the Defendants' motions were filed and briefed separately, the arguments in each brief are not only materially similarly, but for the most part, identical. Therefore, this Court deems it proper to consider all three motions as one.

Plaintiff Allen's Second Amended Complaint seeks damages and injunctive relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Defendants argue that Plaintiff has failed to allege compensable "work" under the Fair Labor Standards Act, that so-called "donning and doffing claims" are exempted under 29 U.S.C. § 203(o), that recovery for "depressed wages" and failure to maintain employee records are not recoverable injuries, that other requested relief is unavailable, and that Plaintiff has failed to adequately plead equitable tolling. (Doc. 31.)

II.   Background.

Mr. Allen and other Plaintiffs are hourly employees employed by Defendant Southern Pride Catfish, LLC, ASG, Randy Rhodes, and Benny Bishop. (Doc. 28, ¶10.) The relevant business of the Defendants is the harvesting and processing of seafood. (Doc. 28, ¶11.) Mr. Allen alleges that the Defendants have willfully refused to pay compensation owed to the Plaintiffs for work performed by them to the benefit of the Defendants, including such activities as donning and doffing equipment. (Doc. 28, ¶¶19-21.)

III.   Motion to Dismiss.

A.    Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2]  The plaintiff must plead "enough facts to state a claim that is plausible on its face."  *Id.* at 1974.

---

[2]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson. See Bell Atl. Corp.,* 127 S. Ct. at 1968 (quoting *Conley,* 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.,* 127 S. Ct. at 1969.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, a complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory. *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967).[3]

Additionally, the Eleventh Circuit has held that "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss.

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit,* Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). *See also generally* 5 Wright & A. Miller, Federal Practice and Procedure 3d § 1277 (2004). This can occur when the claim is adequately stated, but, in addition to the claim, the complaint also includes matters of avoidance that preclude the pleader's ability to recover. *Quiller*, 727 F.2d at 1067. "When this occurs, the complaint has a built-in defense and is essentially self-defeating." *Id.* "'[T]he problem is not that plaintiff merely has anticipated and tried to negate a defense he believes his opponent will attempt to use against him; rather plaintiff's own allegations show that the defense exists.'" *Id.* (citing 5 Wright & Miller, Federal Practice & Procedure § 1357 (1969)).

Finally, for claims involving fraud, the heightened pleading standard under Fed. R. Civ. P. 9(b) governs. A complaint satisfies Rule 9 if it sets forth:

(1) precisely what statements were made in what documents or oral

representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making ) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel Clausen v. Lab. Corp. Of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

    B.    Discussion.

        1.    "Work" under the FLSA.

In 1938, Congress enacted the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.*, which provided some minimum protections to workers in the form of minimum wages, a right to compensation, and, in some cases, mandated payment of overtime wages. Though an obviously central concept, what was in fact "work" under the Act (and therefore compensable) was left undefined by the legislation. It was not until 1944 that the Supreme Court defined work under the FLSA as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and his business." *Tennessee Coal, Iron, R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944). The Court later clarified that exertion is itself not

necessary for an act to constitute work under the FLSA because "an employer may hire a man to do nothing. . . ." *Armour & Co. v. Wantcock*, 323 U.S. 126, 133 (1946). The definition of "work" was further expanded in 1946 by *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 691-92, where the Supreme Court held that even the time spent by employees walking from time clocks at the gate entrance to the plant workstations was treated as work and part of the workweek.

Congress reacted to this expansive reading of the FLSA by passing the Portal-to-Portal Act, which was intended to curb the extension of employer liability under the FLSA that had arisen through the supersession of "'long established customs [and] practices.'" *IBP, Inc. v. Alvarez*, 546 U.S. 21, 26 (2005) (internal citations and omitted). However this Act likewise did not define "work." The Act does, however, provide two exceptions to compensable work as the Supreme Court had defined it prior to the Act. First, walking on an employer's premises to and from the actual place of performance of the principal activity of the employee is not compensable. *See id.* at 27. Second, activities that are "preliminary and postliminary" to the principal activity of the employee are likewise not compensable work.

*Id.* Subsequent to the enactment of the Portal-to-Portal Act, the Supreme Court considered *Steiner v. Mitchell*, 350 U.S. 247 (1956). In that case, the Court held that time spent donning and doffing of "specialized protective gear" was compensable under the FLSA. *Id.* at 256. Specifically, the Court adopted the Court of Appeal's analysis and agreed that the "principal activities" of the employees mentioned in the Portal-to-Portal Act "embrace all activities which are an integral and indispensable part of the principal activities. *Id.* at 252-53 (internal punctuation omitted). Thus, "under *Steiner*, activities, such as the donning and doffing of specialized protective gear . . . are compensable under the FLSA if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by [the Portal-to-Portal Act]." *Alvarez*, 546 U.S. at 30.

Defendants allege that Plaintiffs have insufficiently plead compensable "work" under the FLSA because the acts complained of "take seconds to accomplish and require very little concentration." (Doc. 32; Doc. 46; Doc.

52.)[4] The acts referred to include preparing [the Plaintiffs'] area for work, donning and doffing and sanitizing themselves and/or required gear and equipment, including but not limited to, boots, hair nets, beard nets, ear plugs, aprons, safety glasses, gloves, and arm/plastic sleeves." (Second Amended Complaint, Doc. 28, ¶¶ 20-21.)

Defendants phrasing of their grounds for dismissal of the FLSA claims implies that the types of activities Plaintiffs seek remuneration for (specifically donning and doffing claims) are not "work" under the FLSA as a matter of law. *See, e.g.*, Defendants' Memorandum in Support, Doc. 32; Defendants' Reply, Doc. 81. ("Federal courts have held time spent donning and doffing non-unique gear fails to constitute compensable 'work' within the meaning of the FLSA."). As a threshold matter, such a broad, categorical rejection of "donning and doffing" as a disallowed claim is patently incorrect. The authority that Defendant cites for support of a *per se*

---

[4]Defendants also claim that Plaintiffs' claim for uncompensated time spent "preparing their work area" to be too "vague and conclusory" to satisfy the standards of notice pleading. (Doc. 46, n.4: Doc. 52, n.4; Doc. 32, n.3.) However, the broad definition of "work" under the FLSA (as outlined above) surely encompasses time spent preparing a work area. Such an allegation is informative enough so as to satisfy Rule 8's notice pleading requirements.

rejection of donning and doffing claims stand for no such proposition. For example, in *Gorman v. Consolidated Edison Corp.*, 488 F.3d 586 (2d Cir. 2007), the Second Circuit affirmed a grant of summary judgment for the defendant on claims for compensation for donning and doffing. The basis for this grant was not that such claims are never compensable, but that the facts in that case did not support such a finding. Specifically, the court found that the act of donning and doffing generic protective gear can be indispensable but not integral to the employees' principal activities. *See id.* at 594.[5] *See also Smith v. Alcon*, 462 F.3d 1274, 1289 (10th Cir. 2006) (affirming a grant of summary judgment on, *inter alia*, the question of whether "travel to and from well sites was not integral and indispensable to their principal activities merely because they were required to carry their personal safety equipment along with them"); *and Alford v. Perdue Farms*,

---

[5] The court in *Gorman* (much as the Defendants in the instant case) read the Supreme Court's opinion in *Steiner* to hold that "[t]he donning and doffing of such generic protective gear [such as a helmet, safety glasses and steel-toed boots] is not different in kind from 'changing clothes and showering under normal conditions'" 488 F.3d at 594 (citing *Steiner*, 350 U.S. at 249). However, a careful reading of *Steiner* reveals that the Supreme Court did not address the question of the employees' "changing clothes and showering under normal conditions" because the Goverment had conceded the point. *Steiner*, 350 U.S. at 249. Thus, even though such activities may, under certain facts, prove to be non-compensable under the FLSA, *Steiner* does not itself provide the authority for such a categorical bar to compensation under the Act.

*Inc.*, 2008 WL 879413, at *6 (M.D. Ga. March 28, 2008) (granting summary judgment because "[t]here is no genuine issue of material fact as to the nature of the activities performed by the Plaintiffs in donning and doffing their personal protective equipment before and after work each day"). All of these cases deal with the question of donning and doffing as questions of fact at the summary judgment stage (as opposed to, as here, a motion to dismiss); these cases clearly do not stand for the idea that donning and doffing are not compensable claims under the FLSA, but rather that the plaintiffs in each case could not muster facts sufficient to raise a genuine issue of material fact concerning their claims. As the court in *Alford* succinctly summarizes, the Defendants' claim-in-fact appears to rest upon either the assertion that donning and doffing are not integral to the principal activities, or they are not inherently work, or they are *de minimis*. 2008 WL 879413, at *6. However, at this stage of litigation, the question is whether plaintiffs have sufficiently plead a claim for which relief can be granted. Plaintiffs allege in their Second Amended Complaint that for at least three years Defendants employed Plaintiffs; required Plaintiff-employees to don and doff clothing, wash, sanitize themselves and

equipment, clean items, and prepare their areas for work; and, despite

requiring the forgoing, did not compensate the Plaintiffs under the FLSA for

time spent on these activities and for overtime wages. For Rule 8 purposes,

Plaintiffs have plead with sufficiency to withstand a Rule 12(b)(6) motion to

dismiss. Defendants motion to dismiss FLSA claims for failure to allege

"work" under the Act is therefore DENIED.

> 2.    Section 203(o) Exemption.

Section 203(o) of the FLSA provides an exemption for:

> the hours for which an employee is employed, there shall be
> excluded any time spent in changing clothes or washing at the
> beginning or end of each workday which was excluded from
> measured working time during the week involved by the express
> terms of or by custom or practice under a bona fide
> collective-bargaining agreement applicable to the particular
> employee.

29 U.S.C. § 203(o). It is undisputed that there is only one collective-

bargaining agreement ("CBA") at issue here. It was in effect from January

15, 2006, until January 15, 2011.[6] It is likewise undisputed that the CBA is

---

[6]Plaintiffs assert that because the Demopolis, Alabama plant was closed in March 31, 2007, and the workers were moved to the non-unionized plant in Greensboro, Alabama, the CBA was nullified at that time. This Court does not address the issue at this time.

silent as to the issue of donning and doffing compensation. As is obvious from this suit, Plaintiff alleges that the donning and doffing and washing time performed by Plaintiffs was not compensated by Defendants in violation of the wage and hour provisions of the FLSA.

Despite the silence of the CBA, Defendants nevertheless argue that the § 203(o) exemption applies because there was an unwritten custom and practice of non-compensation. For support, Defendants rely primarily on the Eleventh Circuit's decision in *Anderson v. Cagle's, Inc.*, 488 F.3d 945 (2007). In *Anderson*, the employees' brought suit against their employer for back pay for time spent donning and doffing "smocks, hair/beard nets, gloves, and hearing protection" prior to and after each shift. The Eleventh Circuit affirmed summary judgment for the employer under the § 203(o) exemption. The Eleventh Circuit first decided that the articles in question were "clothes" under the Act. *Id.* at 955. However, the court did note, without deciding, that some types garments or other accouterments may not be clothing under the section. *Id.* at 955-56. ("[W]e recognize that there may be limits to the application of § 203(o) based on the nature or purpose of the garments at issue. Other Courts have drawn distinctions between general

protective clothing, like the garments we are concerned with in this case, and specialized protective clothing, such as plastic shields [and] steel mesh gloves . . . .) *Id.* After deciding the section's applicability, the Eleventh Circuit found that there was a "custom and practice" of non-compensation under the CBAs between the employees and employer. *Id.* at 959. Specifically, the court noted that there were three CBAs in effect during the relevant time period and none mentioned the question of clothes changing compensation. This led the Eleventh Circuit to reject the plaintiffs' argument that because there were no negotiations on the subject, no custom or practice could arise. On the contrary, the court found that the absence of negotiations in that case demonstrated acquiescence to the non-compensation policy. *Id.* Importantly, the court noted that *Anderson* did not disturb the old Fifth Circuit's decision in *Hoover v. Wyandotte Chems. Corp.*, 455 F.2d 387, 389 (5th Cir. 1972), which held that a history of bargaining (or lack thereof) is evidence of a custom or practice.

While the Defendants' arguments may be salient at the motion for summary judgment stage, they are not so here. Defendants' arguments boil down to the assertion that, under *Anderson,* where (1) employees change

clothes and wash themselves at a place of employment but do so without compensation; and (2) that there is a CBA in effect between the employees and employer; and (3) that the CBA is silent as to compensation for such clothes changing and washing, that that silence *may* result in a "custom or practice" under § 203(o) and therefore exempt the employer from liability. However, this argument does not itself speak to the sufficiency of the complaint under Rule 8, which is the proper milieu of concern for a motion to dismiss. While § 203(o) may eventually apply in this case, this Court, taking the pleadings as true and liberally construed, is not prepared to, nor should it, reach such conclusions of law and fact at this stage of litigation. Defendants' motion to dismiss FLSA claims under § 203(o) is DENIED.

      3.    Equitable Tolling.

Actions accruing under the FLSA and the Portal-to-Portal Act may be "commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Defendant moves this Court to dismiss

Plaintiffs' claims that occurred outside of the statutorily limited period of three years.[7] Specifically, Defendants assert that Plaintiffs' assertion of equitable tolling of the limitations period should fail as insufficiently plead because the Plaintiffs' complaint fails to meet the specificity requirement of Rule 9 (Doc. 32, pp. 15-16.) Plaintiff counters with the argument that he is under no duty to negate an affirmative defense (such as statute of limitations) in his complaint. (Doc. 76, p. 15.) Thus, Plaintiff contends, because equitable tolling is not even a "claim" or requirement, it cannot be subject to Rule 9. The Plaintiffs are correct that the complaint need not negate an affirmative defense. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). However, Plaintiffs do bear the burden of proving equitable tolling, *see, e.g., Drew v. Dept. of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), and, when equitable tolling rests upon allegations in the complaint of fraudulent concealment, such allegations must comply with the specificity requirement of Rule 9(b). *See Williams v.*

---

[7]This Court notes that Defendant does not at this time concede that the two-year period, rather than the three-year period, will be shown to be applicable and preserves the right to argue as much. For purposes of this Motion only, the three-year period is deemed the one at issue.

*Saxon Mortgage Services*, 2007 WL 2828752, at *3 n.8 (S.D. Ala. Sept. 27, 2007) (collecting cases nationwide that find Rule 9 applicable in matters where equitable tolling is predicated on fraudulent concealment). While Plaintiffs' complaint does allege affirmative misrepresentations by the employer, it does not do so with the specificity required under Rule 9(b). *See U.S. ex rel Clausen v. Laboratory Corp. of America*, 290 F.3d 1301, 1310 (11th Cir. 2002) (stating that mere conclusory allegations are not sufficient to satisfy Rule 9). *See also Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194,1202 (11th Cir. 2001) ("Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.") Therefore, all claims arising outside of the three-year period as defined by the date upon which the present action was commenced will be DISMISSED without prejudice.

      4.    Other Claims.

Defendant moves this Court to dismiss Plaintiffs' claims for "depressed wages" and "failure to maintain employee records" as not redressable and/or not allowable as private causes of action. (*E.g.*, Doc. 32, p. 12.) Plaintiff counters in their response brief that he makes no such claims in his complaint and seeks no relief for either claim. This Court therefore finds Defendants' motion MOOT as to this matter.

IV.   Conclusion

Defendants' Motions to Dismiss FLSA Claims (Doc. 31; Doc. 45; Doc. 51) are GRANTED in part and DENIED in part. All of Plaintiffs' claims that fall outside of the three-year statute of limitations are DISMISSED. All other relief sought by Defendants is DENIED. A separate order will be entered. Done this 3rd day of March 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE